## HUNTER *vs.* McCRAW.

[MOTION TO QUASH EXECUTION.]

1. *Rule of construction of contracts.*—The rule is well settled, that a contract is to be construed most strongly against the party promising; and where it is susceptible of two constructions, one of which will defeat, and the other give effect to it, the latter construction will be adopted.

2. *Construction of replevin bond in admiralty proceeding.*—In an attachment case against a steamboat, under the act of 1844, (Session Acts 1843-4, p. 98,) a replevin bond, conditioned that the stipulators should pay and satisfy such judgment as might be rendered in such attachment proceeding against them, binds them to pay the judgment recovered by the attaching plaintiff, although not in form against them.

3. *Fi. fa. against stipulators.*—On the recovery of judgment by the plaintiff in such action, the statute fastens a lien on the boat, and also authorizes an execution against the stipulators in the replevin bond.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ROBERT DOUGHERTY.

THIS case is a branch of that reported in 31 Ala. 659, under the name of *Steamboat Farmer v. McCraw.* That case was commenced in May, 1852, by attachment against the said steamboat, sued out by Abner G. McCraw, to recover damages for injuries caused by a collision between said steamboat and a flat-boat. The sheriff having seized the boat under the attachment, J. B. Walker, Edward F. Shields, Daniel Walker, M. Waring, Stephen Twelves and Jos. T. Hunter entered into a replevin bond, conditioned as follows: "Now, if the said Edward F. Shields, J. B. Walker, Daniel Walker, Joseph T. Hunter, Moses Waring and Stephen Twelves shall well and truly pay, or cause to be paid, unto the said Abner G. McCraw, his heirs, executors, administrators, or assigns, such judgment as may be rendered in such attachment proceeding, in favor of said McCraw, against said Edward F. Shields, J. B. Walker, and Daniel Walker, and shall further pay all costs that may accrue in the trial of the same, then this obligation to be void," &c. At the spring term, 1856, a judgment was rendered in the cause, which (omitting the recitals as to the appearance of the parties, &c.) was in these words: "It is therefore considered by the court, that the plaintiff recover of the defendant the sum so assessed by the jury, with the costs in this behalf expended, for which execution may issue; and it is ordered, adjudged, and decreed, that the said steamboat, named and called the *Farmer*, her tackle, apparel and furniture, be, and it is hereby, condemned to the satisfaction of the damages so assessed by the jury, and the costs of this suit." On this judgment execution was issued, commanding the sheriff to make the money " of the steamboat *Farmer*, her tackle and furniture, and also of the goods, chattels, lands and tenements of Edward F. Shields, J. B. Walker, D. Walker, M. Waring, Stephen Twelves

and Joseph T. Hunter." The defendants moved the court to quash this execution on the following grounds: "1st, that there is no judgment authorizing the issue of said execution; 2d, that there is no judgment authorizing the issue of said execution against the goods and chattels, lands and tenements of Joseph T. Hunter, Edward F. Shields, J. B. Walker, Daniel Walker, Moses Waring, and Stephen Twelves; 3d, that the bond set out in said execution is not a statutory bond, and no execution could be issued thereon; and, 4th, that the condition of said bond has not been broken, and therefore no execution could issue thereon." A similar motion, predicated on the same grounds, was submitted on behalf of said Walker, Shields, Hunter, Twelves and Waring. The court overruled the motion to quash the execution, and its action is now assigned as error.

Wm. M. Byrd, for appellant.

Jno. T. Morgan, contra.

STONE, J.—It is clearly settled in this State, that admiralty proceedings are intended to be simple and summary; and that much liberality will be indulged in favor of their correctness.—See the authorities collected in the case of Murphy v. Roberts & Staples, 30 Ala. 232.

It is contended for appellants, that the replevin bond in this case only bound the stipulators to pay such judgment as should be rendered against said Edward F. Shields, J. B. Walker and Daniel Walker; and no judgment having been rendered against them, they contend further, that no liability has been fastened on the stipulators. On the other hand, it is contended for appellee, that the words "in favor of said McCraw, against Edward F. Shields, J. B. Walker and Daniel Walker," found in the condition of the bond, are parenthetical, and are descriptive of the attachment proceedings, and not of the judgment to be rendered.

The words of the bond are not free from ambiguity. We think, however, that the collocation of the different members of the sentence gives the greater weight to the

argument for the appellee.    We adopt this construction the more readily, because it gives effect to the bond, while the other would deprive it of all validity, either as a statutory or common-law obligation.    The rule is well settled, that contracts are to be construed most strongly against the party promising.—Hogan v. Reynolds, 8 Ala. Rep. 59.

The act of 1844, under which these proceedings were instituted, fastens a lien on the boat or craft, and also authorizes an execution against the stipulators in the replevin bond.—See Pamph. Acts 1843-4, pp. 98-9, §§ 2, 5. Hence, there is no error in the form of the present execution.

Judgment of the circuit court affirmed.